FILED
CLERK, U.S. DISTRICT COURT

JUN 1 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER G. WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV 05-5048 FFM<br><br>MEMORANDUM DECISION AND ORDER |

    Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying his application for Disability Insurance Benefits and Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on July 12, 2005, the parties filed a Joint Stipulation detailing each party's arguments and authorities on October 4, 2006. The Court has reviewed the administrative record ("AR"), filed by defendant on June 9, 2006, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On November 21, 1992, plaintiff filed an application for Disability Insurance Benefits. That application was denied. Plaintiff did not appeal the denial. On May 23, 2001, plaintiff protectively filed concurrent applications for DIB and SSI, alleging disability since October 1990. These applications were denied initially and on reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). ALJ James A. Paisley held a hearing on June 12, 2002. Plaintiff appeared with counsel and testified at the hearing. On August 9, 2002, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who apparently denied the request without notifying plaintiff or his attorney.

Plaintiff provided new evidence to the Appeals Council on May 20, 2003. After numerous delays and contacts between plaintiff and the Appeals Council, on August 19, 2004, the Appeals Council denied plaintiff's request for review. The Appeals Council thereafter granted plaintiff an extension of time to file an action in the United States District Court.

Plaintiff commenced the instant action on July 11, 2005.

## CONTENTIONS

Plaintiff raises four issues in this action:

1. Whether the ALJ applied the criteria of SSR 99-2p and evaluated and weighed the medical opinion of the treating physician with regard to those criteria as required by law;

2. Whether the ALJ's determination that plaintiff's subjective complaints were not credible is supported by clear and convincing evidence;

3. Whether substantial evidence supports a conclusion that criteria set forth in SSR 99-02 regarding a diagnosis of Chronic Fatigue Syndrome ("CFS") have not been met; and

4.  Whether the ALJ erred by failing to consider whether plaintiff suffered from a mental impairment that might account for his symptoms, if those symptoms were not caused by CFS.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

A.  <u>Treating Physician's Opinion</u>

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. *Smolen v. Chater*, 80 F.3d

1273, 1279 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability. *Magallanes*, 881 F.2d at 751 (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989)). Where the treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. Where the treating physician's opinion is contradicted, the ALJ may reject it in favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Ramirez v. Shalala*, 8 F.3d 1449, 1453-54 (9th Cir. 1993).

Plaintiff's treating physician, Dr. Goldstein, assessed plaintiff as suffering from CFS. (AR 163.) The ALJ rejected this diagnosis because "there were no objective clinical findings to support the conclusion of [CFS]." (AR 24, see also AR 25 (noting that consultative examiner, state agency examiner and state agency consultant all concluded that no objective clinical findings supported CFS diagnosis).)

SSR 99-2p describes how a claim of CFS must be assessed. Because there exists no laboratory test that discloses the existence of the disorder, the Centers for Disease Control and Prevention ("CDC") define the disorder as the concurrence of four or more of a specified list of symptoms. The CDC's definition relies on the self-reporting of complaints by the patient to his treatment provider. Of course, under the Social Security Act, a claimant must demonstrate a medically determinable impairment. SSR 99-2p attempts to reconcile the requirements of the Social Security Act with the practicalities of CFS, a disorder that is difficult to diagnose.

The ruling equates "appropriate medical signs or laboratory findings" with demonstrating a medically determinable impairment for purposes of assessing CFS. The ruling lists specific findings that suffice and also provides that "[a]ny other medical signs that are consistent with medically accepted clinical practice and are

consistent with the other evidence in the case record" will suffice to demonstrate a medically determinable impairment. Therefore, in addressing stip two of the sequential process, in the specific case of a claim regarding CFS, the ALJ must determine whether "medical signs" or laboratory findings that are consistent with accepted clinical practice exist. Here, plaintiff points to several possible sources of such signs or findings: the SPECT examination of the brain which demonstrated abnormal blood flow during exertion which, according to the doctor performing the examination, suggested a diagnosis of CFS (AR 203); Dr. Goldsteins's notes that he observed cogwheeling and tremor (AR 153, 156, and 158.); and the results of the functional capacity examination performed by the Occupational Therapist Registered. (AR 113 - 135.) The ALJ did not address any of these possible sources or make any finding as to whether they, or any of them, were consistent with accepted clinical practice. Thus, the ALJ improperly concluded that "there were no objective clinical findings to support the conclusion of [CFS]" without conducting the required analysis.

Because this error requires remand, and the remaining issues raised by plaintiff depend on the resolution of whether any objective medical evidence supports plaintiff's claims, the Court declines to address the remaining issues at this time.

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

DATED: June 10, 2008                    /S/ Frederick F. Mumm
                                        FREDERICK F. MUMM
                                        United States Magistrate Judge